UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LACURA, INC. and LISTO L.L.C.,

                              Plaintiffs,

       -against-

MASAS U.S.A., INC., LA SALVADORENA
BRAND, INC. and ROMA FOOD GROUP, INC.,

                              Defendants.
-------------------------------------------------------------------X

FILED
CLERK
3/1/2016 2:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
15-CV-3101(SJF)(AKT)

FEUERSTEIN, District Judge:

       Pending before the Court is the Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated February 9, 2016, (1) recommending that the motion of defendants Masas U.S.A., Inc., La Salvadorena Brand, Inc. and Roma Food Group, Inc. (collectively, "defendants") seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted in part and denied in part; and (2) advising the parties, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report * * * to file written objections[,]" (Report at 31), and (b) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal[,]" (id.) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); and Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon the attorneys of record for the parties via ECF on February 9, 2016. (Doc. No. 19). No party has filed any objection to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Tomlinson's Report is accepted in its entirety and, for the reasons stated in the Report, defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted in part and denied in part.

1

I.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn*,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), their "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

II.     Review of Report

Although the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, no party has

filed any objections to the Report, nor sought an extension of time to do so. Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the report." Spence, 219 F.3d at 174.

As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, the branches of defendants' motion seeking judgment dismissing plaintiff's claims alleging deceptive trade practices in violation of Section 349 of the New York General Business Law ("N.Y. Gen. Bus. Law") and unjust enrichment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are granted; plaintiff's claims alleging deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349 and unjust enrichment (Counts Six and Eight, respectively) are dismissed in their entirety with prejudice; and defendants' motion is otherwise denied.[1]

III. Conclusion

For the reasons set forth herein, Magistrate Judge Tomlinson's Report is accepted in its entirety, and, for the reasons set forth therein, the branches of defendants' motion seeking judgment dismissing plaintiff's claims alleging deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349 and unjust enrichment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are granted; plaintiff's claims alleging deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349 and unjust enrichment (Counts Six and Eight, respectively) are dismissed

---

[1] Thus, the following claims remain in this action: (a) breach of the parties' settlement agreement (Count One); (b) federal trademark infringement and false description/false designation of origin pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125, respectively (Counts Two and Three, respectively); (c) common law unfair competition and trademark infringement (Count Four); (d) trademark dilution and injury to business reputation pursuant to N.Y. Gen. Bus. Law § 360-1 (Count Five); and (e) use of name with intent to deceive pursuant to N.Y. Gen. Bus. Law § 133 (Count Seven).

in their entirety with prejudice; and defendants' motion is otherwise denied.  The parties shall appear before me in Courtroom 1010 at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722, for a status conference **on March 23, 2016 at 11:15 a.m.**

SO ORDERED.

                                                                           /s/
                                      Sandra J. Feuerstein
                                      United States District Judge

Dated: March 1, 2016
       Central Islip, New York